IN THE DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| KEITH JOHN PARRISH and LANA PARRISH,<br><br>Plaintiffs,<br><br>vs.<br><br>WOLF CREEK FEDERAL SERVICES, INC.,<br><br>Defendant. | CIVIL CASE NO. 18-00002<br><br>**ORDER**<br>Granting Motion for Jury Trial (ECF No. 20) |

Before the court is a Motion for Jury Trial filed by Plaintiffs Keith John Parrish and Lana Parrish. *See* ECF No. 20. Plaintiffs move this court to order a trial by jury, notwithstanding the claim by Plaintiffs' counsel that he "lost track of filing a [timely] jury demand" pursuant to Federal Rules of Civil Procedure Rule 39(b). Memorandum in Support at 1, ECF No. 21. The Defendant opposes the motion. *See* ECF No. 25. The parties have not requested a hearing on the motion, and the court does not believe oral argument is necessary. *See* CVLR 7(i). Having reviewed the parties' filings and relevant authority, the court issues this Order[1] granting the Motion for Jury Trial.

**BACKGROUND**

This action was originally filed in the Superior Court of Guam on December 18, 2017.

---

[1] The below-signed Magistrate Judge has the authority to rule upon the Motion for Jury Trial, which is a nondispositive pretrial motion. *See* CVLR 72(b). *See also Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1323 (S.D. Iowa 2005) (on ruling on defendants' objection to magistrate judge's order granting plaintiff's motion for jury trial, district judge stated "[b]ecause the present matter deals with a nondispositive matter, the Magistrate Judge's order is subject to a 'clearly erroneous or contrary to law' standard of review."). The court has found no Ninth Circuit case to the contrary. To the extent that any party disagrees, a party may seek appropriate review with the Chief Judge.

*See* Notice of Removal, Ex. A, ECF. No. 1.

Plaintiffs filed a First Amended Complaint ("FAC") on December 28, 2017, asserting claims of Breach of Implied Warranty of Habitability, Intentional Infliction of Emotional Distress, Negligent Maintenance, and Loss of Consortium. *See* Amended Notice of Removal, Ex. C, ECF No. 4. Plaintiffs' FAC stated in paragraph five of the Prayer, "For punitive damages in an amount to be decided by the jury and based in part on Defendant's ability to pay." *See id.* Ex. C, at 12. Neither the original complaint nor the FAC contained a separate demand for a trial by jury.

On January 8, 2018, Defendant removed this action to this court. *See* ECF No. 1. Defendant filed an Amended Notice of Removal on January 17, 2018, after learning that Plaintiffs filed a FAC in the Superior Court of Guam. *See* ECF No. 4.

On January 24, 2018, Defendant filed an Answer to Plaintiff's FAC. *See* ECF No. 6. On April 13, 2018, Plaintiffs filed a Motion for Jury Trial as authorized by Federal Rules of Civil Procedure 39(b), with a Declaration of Plaintiffs' Counsel (hereinafter "Cook Declaration") and Memorandum in Support. *See* ECF Nos. 19-21.

Plaintiffs' counsel stated in his Declaration that Plaintiffs "clearly intended" to demand a jury trial as evidenced by the Prayer in the FAC. Cook Decl. ¶13, ECF No. 19. He argued that "[a]s this case is at the very beginning of its proceeding in Court, the Scheduling Conference has not taken place, and discovery has not commenced, there will be no prejudice to the Defendant" if the court permits Plaintiffs to file a late jury demand. *Id.* ¶14.

On April 27, 2018, the court held a Scheduling Conference and issued a Scheduling and Planning Order. *See* Minutes, ECF No. 23; Scheduling and Planning Order, ECF No. 24.

On May 3, 2018, Defendant filed an Opposition to Plaintiffs' Motion for Jury Trial. *See* ECF No. 25.

On May 17, 2018, Plaintiffs filed a Reply to Defendant's Opposition. *See* ECF No. 26.

## LEGAL STANDARD

Plaintiffs move this court to order a trial by jury as authorized by Federal Rules of Civil Procedure Rule 39(b). *See* Motion, ECF No. 20.

To exercise the Seventh Amendment right of trial by jury, a party must serve the other parties with a written demand for a jury trial no later than fourteen days after the last pleading is served. Fed. R. Civ. P. 38(b)(1). A party waives a jury trial if a demand is not properly served and filed. Fed. R. Civ. P. 38(d). If a jury trial is not properly demanded, the issues are to be tried by the court. Fed. R. Civ. P. 39(b). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." *Id.*

Rule 81(c) also provides two exceptions to waiver in removal cases. *See* Fed. R. Civ. P. 81(c). First, if a jury demand is made under state law before the case is removed, the demand need not be renewed. *Id.* Second, if the state complaint contains a jury demand that satisfies Rule 38(b), a demand need not be made after removal. *Id.*; *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1063 (9th Cir. 2005).

## DISCUSSION

Plaintiffs move this court to order a jury trial, asserting that there was excusable neglect on the part of their counsel for not filing a jury demand in a timely manner. Defendant argues that Plaintiffs' "failure to timely request a jury trial was the result of mere inadvertence or oversight," and the Ninth Circuit has consistently held that relief under Rule 39(b) is not permitted when a failure to make a timely jury trial results from mere oversight or inadvertence. *See* Opp'n at 5-6, ECF No. 25.

The Plaintiffs' instant motion for a jury trial was filed two months after the last pleading was served. Failure to make a timely jury demand waives the parties' right to a trial by jury. *See* Fed. R. Civ. P. 38(d).

The court notes that the although Plaintiffs do not cite Rule 81 in their motion, it is relevant here since it applies to removed actions. Rule 81(c) provides that a jury demand need not be made after a case is removed if (1) a jury demand is made under state law before removal or (2) the state complaint contains a jury demand that satisfies Rule 38(b). *See also Lutz*, 403 F.3d at 1064.

Rule 38 of the Guam Rules of Civil Procedure provides, in pertinent part:

///

> (b) Demand.  Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commendment of the action and not later than 10 days after the service of the last pleading direct to such issue, and (2) filing the demand as required by Rule 5(d).  *Such demand may be indorsed upon a pleading of the party.*

Guam R. Civ. P. 38(b) (emphasis added).[2]

The Guam Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure and are governed by Ninth Circuit precedent for the analogous federal rule. *See Cristobal v. Siegel*, 26 F.3d 1488, 1493 (9th Cir. 1994); *see also Unpingco v. Hong Kong Macau Corp.*, 935 F.2d 1043, 1045 (9th Cir. 1991) ("Where a Guam rule of civil procedure tracks a federal rule of civil procedure, we look to relevant Ninth Circuit law on the latter in interpreting the former." (citations omitted)).

"[T]he purpose of Rule 38's demand requirement is to inform the [c]ourt and counsel well in advance of trial as to the trial method desired."  *Lutz*, 403 F.3d at 1065 (quotations omitted). There is great flexibility in how the request is made, and the court will "'indulge every reasonable presumption against waiver' of the jury trial right." *Id.* at 1064-65 (quoting *Aetna Ins. Co. v. Kennedy ex. rel. Bogash*, 301 U.S. 389, 393 (1937)). The court "accepts jury demands that fall far short of the ideal," even if it is "made in passing," "buried in the body of the complaint," or "easily . . . overlooked by court staff." *Id.* at 1064. The court insists, however, that the jury demand is "sufficiently clear to alert a careful reader that a jury trial is requested." *Id.*

While the court prefers jury demands to be clearly recognizable, a jury request in the prayer for relief is sufficient. *See Id.* at 1065. The complaint in *Lutz* did not contain an "explicit[] demand" for a jury trial. *Id.* at 1064. However, the plaintiff requested in the prayer for relief that the court "[e]nter a Judgment in favor of Plaintiff . . . as may be *found by a jury*" and "compensatory damages . . . in 'such amount as may be *awarded by a jury*.'" *Id.* (emphasis in original). Although the requests were "made in passing and buried in the body of the complaint[] where they could easily be overlooked," the court held that the requests were sufficient to

---

[2]  This rule was modeled after the 2003 version of corresponding federal rule.

"demand a trial by jury" as it provided "sufficient notice to the court and opposing counsel that [the plaintiff] wanted a jury trial." *Id.* at 1064-65.

Plaintiffs' jury demand is "indorsed upon" or "included in a pleading," specifically the FAC, which satisfies Guam Rule of Civil Procedure 38(b) and Federal Rules of Civil Procedure 38(b) and 81(c)(3). Plaintiffs' FAC requests punitive damages in paragraph five of the Prayer, "in an amount to be *decided by the jury*." *See* Amended Notice of Removal, Ex. C, at 12, ECF No. 4 (emphasis added). The jury request here, like the request in *Lutz*, was "made in passing," "buried in the body of the complaint," and "easily . . . overlooked." Considering the presumption against waiver, the great flexibility in how a jury request can be made, and the purpose of Rule 38, the jury request in Plaintiffs' prayer provides sufficient notice to alert a careful reader that a jury trial was requested.

Because the court finds that a timely jury demand was made, the court hereby GRANTS Plaintiff's Motion for Jury Trial.



**/s/ Joaquin V.E. Manibusan, Jr.**
  **U.S. Magistrate Judge**
**Dated: Jun 27, 2018**